UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
ANDRE STALEY,

       Petitioner,

       v.                                      **ORDER**
                                                            04-CV-3534 (DRH)
                                                             (WDW)

UNITED STATES OF AMERICA,

       Respondent.
----------------------------------------------------------X
A P P E A R A N C E S

**ANDRE STALEY**
Petitioner Pro Se
Register No. 60213-053
FCI Ray Brook, P.O. Box 900
128 Old Raybrook Road
Raybrook, NY 12977

**ROSLYNN R. MAUSKOPF**
United States Attorney, Eastern District of New York
Attorneys for Respondent
610 Federal Plaza
Central Islip, NY 11722
By: John F. Curran, Esq.

**HURLEY, District Judge:**

Petitioner Andre Staley brings the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (1994 & Supp. 2005). After his arrest on November 1, 2001, Petitioner pled guilty to distributing and possessing with the intent to distribute at least five grams of

crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1999 & Supp. 2005) on November 7, 2002. *See* Mem. Opp'n to Pet., Exh. D at 2. The count carried a statutory sentencing range of five to forty years incarceration pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) (1999 & Supp. 2005).

At the February 13, 2004 sentencing, the Probation Department recommended that Petitioner's sentencing range was 135 to 168 months incarceration. *See* Mem. Opp'n to Pet. at 4. The sole witness to testify at sentencing was an FBI agent who estimated that Petitioner had sold in excess of 180 grams of cocaine. *See* Mem. Supp. 28 U.S.C.§ 2255 Mot. at 3; Mem. Opp'n to Pet. at 5-6. Based upon the agent's credible testimony, this court found that the weight of narcotics involved in the offense was 180 grams and sentenced Petitioner to 121 months incarceration. *See* Mem. Opp'n to Pet. at 6. Petitioner did not file a direct appeal of his conviction, but sought collateral review on August 9, 2004.

The United States Supreme Court's ruling in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), prompted Petitioner's pursuit of habeas relief. *Blakely* held that "[w]hen a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' Bishop, [CRIMINAL PROCEDURE § 87, p. 55 (2d ed. 1872)], and the judge exceeds his proper authority." *Blakely*, 124 S.Ct. at 2537. Petitioner argues that he pled guilty to distributing and possessing with the intent to distribute 5 grams of cocaine, rather than the 180 grams found by the court. *See* Mem. Opp'n

to Pet. at 7.[1] Because not all facts that triggered Petitioner's sentence were proved to a jury beyond a reasonable doubt, *i.e.* the exact amount of drugs sold, Petitioner alleges that this court's sentence violated the Sixth Amendment under *Blakely*. *See* Mem. Supp. 28 U.S.C.§ 2255 Mot. at 5.

*Blakely* did not directly address the federal sentencing, however, so Petitioner requested that this court delay consideration of his petition until the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005), *Blakely*'s federal corollary. *See* Reply at 5 ("Petitioner respectfully requests that the instant case be placed in abeyance . . . [until] the Supreme Court decides the cases of *Booker* and *Fanfan*."). The court agreed to do so. When it was ultimately handed down on January 12, 2005, *Booker* did extend *Blakely*, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. *Booker*'s holding is the sole basis for Petitioner's request for habeas relief.

In its opposition, the United States raises several arguments for denying the writ, including the contention that *Booker* does not apply because of the non-retroactivity rule

---

[1] The plea agreement reads, "The defendant stipulates that his sentence should be calculated based on a drug type and quantity of *at least* 5 grams of cocaine base . . . ." Mem. Opp'n to Pet., Exh. D at 2 (emphasis added). Thus, Petitioner inaccurately states that he pled guilty to distributing *exactly* five grams of cocaine. *See* Mem. Supp. 28 U.S.C.§ 2255 Mot. at 5-6. In fact, at sentencing Petitioner's counsel claimed that Petitioner was responsible for distributing no more than forty-nine grams of cocaine. *See* Mem. Opp'n to Pet., Exh. B at 42.

from *Teague v. Lane*, 489 U.S. 288 (1989). *See* Mem. Opp'n to Pet. at 7-8. The *Teague* argument is dispositive, and is the only matter discussed herein. *See id.*; *see generally* Reply.

*Teague* held that, with few exceptions, new constitutional rules should not be applied retroactively to criminal convictions on collateral review. *See Teague*, 489 U.S. at 303. A conviction becomes final for the purposes of *Teague* when the availability of direct appeal expires. *Cf. Mungo v. Duncan*, 393 F.3d 327, 343 n.3 (2d Cir. 2004) (noting that a conviction becomes final for *Teague* purposes when "the availability of direct appeal to the state courts has been exhausted . . ."). A defendant must file the notice of appeal within ten days after judgment is entered in the criminal docket. *See* FED. R. APP. P. RULE 4(b)(1)(A). In Petitioner's criminal case, judgment was entered in the docket on March 2, 2004. Because Petitioner did not appeal, his judgment was final for the purposes of *Teague* on March 12, 2004.

Though *Booker*'s holding is otherwise relevant to this habeas petition, Petitioner's case became final ten months prior to the *Booker* decision. Since Petitioner is requesting retroactive application of *Booker,* the question then is whether *Booker* falls into the small category of *Teague* exceptions.

The Second Circuit recently provided the answer in decisive fashion. *See Guzman v. United States*, 404 F. 3d 139 (2d Cir. 2005). The court held, "*Booker* is not retroactive, *i.e.* it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued." *See id.* at 144. Petitioner's criminal

conviction was final as of March 12, 2004. Thus, *Booker*'s procedural protections do not apply to Petitioner and he has no grounds for habeas relief.

## *CONCLUSION*

For the reasons discussed above, Petitioner's petition for habeas relief is DENIED. The clerk of court is accordingly directed to CLOSE this case.

**SO ORDERED.**

Dated:    Central Islip, New York        /s/
             October 28, 2005           Denis R. Hurley
                                                        United States District Judge